UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00123-JMS-MJD |
| | ) | |
| HEATHER  WALLACE Correctional Officer, | ) | |
| F.  BRANNICK Correctional Officer, | ) | |
| C.  NICHOLSON Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Regarding Motion to Compel**

Before the Court is the plaintiff's motion to compel. The motion to compel seeks production of 1) Wabash Valley Correctional Facility's Policy for Medical Emergencies; 2) a security video and 3) Wabash Valley Correctional Facility's policy for use of force. The matter is now fully briefed. See dkts. 19, 21, 22, 23, 24, and 28. For the reasons explained below, the motion for discovery [dkt. 19] is **denied.**

**Policy for Medical Emergencies**

The motion to compel seeks "Wabash Valley Correctional Facility's Policy for Medical Emergencies." Defense counsel, by letter dated September 12, 2013, provided the plaintiff with following IDOC policies and/or procedures:

a. IDOC Policy and Procedure-The Development and Delivery of Healthcare Services in effect on 12/30/11;

b. Health Care Services Directive HCSD-2.04 Access to Care in effect on 12/30/11;

c. Health Care Services Directive HCSD-1.30 Consent and Refusal in effect on 12/30/11;

d. Health Care Services Directive HCSD-2.06 Chronic Disease Intervention Guidelines in effect on 12/30/11.

The defendants argue that the above-referenced procedures and directives are the written procedures which satisfy the plaintiff's current request for Wabash Valley Correctional Facility's Policy for Medical Emergencies and that the plaintiff's request for the policy for medical emergencies is now moot.

In response, the plaintiff states that he still needs the policy that sets forth custody staff should to respond during a medical emergency; for example, how to document the event, whom to notify and when to call for assistance. He states that he needs this information because if he cannot prove that the officers acted outside the scope of their employment then his claim will be barred by the Indiana Tort Claims Act.

The defendants shall have **through December 20, 2013,** in which to determine if a policy exists which sets forth how custody staff are to respond during a medical emergency. If such a policy exists, they should supply it to the plaintiff. The plaintiff is notified, however, that the sole remaining claim in this action is that Correctional Officers Heather Wallace and F. Brannick denied or delayed Johnson's medical treatment in violation of the Eighth Amendment. This claim is necessarily brought pursuant to 42 U.S.C. § 1983 and does not implicate the Indiana Tort Claims Act. Success in a § 1983 action does not require a plaintiff to prove that a state actor was acting outside the scope of his or her employment though it does require proof that the person acted under color of law.

**Security Video**

The motion to compel production of a December 30, 2011, security video of Range A-West 900 in the SCU [dkt. 19] is **denied** because no such video exists. See dkt. 28. The defendants cannot produce something which cannot be located.

**Use of Force Policy**

Second, the motion to compel production of the use of force policy [dkt. 19] is **denied for two reasons.** First, prison officials have determined that this policy, specifically, 01-01-109, Use of Force, is a restricted policy. The Commissioner and Executive Staff reviewed the policy and determined that it should be restricted because it contains information that if released would likely jeopardize the safety and security of the facility, staff, public or offenders or contains confidential information. This Court shall defer to the prison administrators determination that release of the policy's content would, in fact, jeopardize safety of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (stating that prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security).

Just because something is restricted, however, does not mean that it should not be discoverable. The Court would consider putting measures in place for further review of the restricted policies by the plaintiff if such discovery was relevant to his claims, but it is not. As previously mentioned, the sole claim remaining in this action is that Correctional Officers Heather Wallace and F. Brannick denied or delayed Johnson's medical treatment in violation of the Eighth Amendment. The plaintiff was given an opportunity to explain how the use of force policy is relevant to his remaining claim. See dkt. 22. Plaintiff's October 16, 2013, memorandum

states that the policy is relevant because after he was not provided medical care other officers employed excessive force on him through the use of a chemical agent. But that is a separate issue against different individuals and not relevant to this action. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)(A Section 1983 does not establish a system of vicarious responsibility. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

   **IT IS SO ORDERED.**


Date:   11/15/2013

                                        Hon. Jane Magnus-Stinson, Judge
                                        United States District Court
                                        Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
DOC # 926081
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel